UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RS-ANB FUND, LP,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>KMS SPE LLC, LIZ AIR 6 L.L.C., JERALD M. SPILSBURY, KINGSTON PROPERTIES L.P., MIKE KINGSTON, PAUL E. AVERY, BERT BOECKMANN AND JANE BOECKMANN, TRUSTEES OF THE BOECKMANN FAMILY REVOCABLE TRUST, ANDARY INVESTMENTS 2 LLC and RGRCM LLC,<br><br>    Defendants/Counterclaimants. | Lead Case No. 4:11-cv-00175-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
| KMS SPE, LLC<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>RS-ANB Funds, LP,<br><br>    Defendant/Counterclaimant. | Consolidated Case No. 4:11-cv-00179-BLW |

**MEMORANDUM DECISION AND ORDER** - 1

| | |
|---|---|
| RS-ANB Funds, LP,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID ORVILLE KINGSTON,<br><br>    Defendant. | Consolidated Case No. 4:11-cv-00179-BLW |

## INTRODUCTION

The Court has before it Kingston Properties, LP's Motion to Reconsider (Dkt. 80). Kingston Properties asks the Court to reconsider its decision entered on September 7, 2011, finding the Participation Agreement unambiguous (Dkt. 79). Kingston Properties argues that the Court adopted a construction that it mistakenly believed harmonized several inconsistent provisions contained in the Participation Agreement.

## ANALYSIS

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principal has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even

MEMORANDUM DECISION AND ORDER - 2

an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone.  Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power."  *Messinger v. Anderson*, 225 U.S. 436, 444 (1912).  "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous.  There is no need to await reversal."  *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

      The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).  "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice."  *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007).  If the motion to reconsider does not fall within one of these three categories, it must be denied.

      Kingston Properties argues that the Court committed clear error by finding that the Payments Section of the Participation Agreement could be reconciled with the provisions

**MEMORANDUM DECISION AND ORDER** - 3

stating that RS-ANB Funds, LP only purchased a 25% interest in the loan portfolio. In making this argument, Kingston Properties acknowledges that the Payments Section unambiguously entitles RS to 25% of the proceeds from the liquidation of the ANB Financial NA $1.1 Billion Commercial Construction Loan Portfolio after RS recouped its $12 million investment. But Kingston Properties insists that this Payments Section conflicts with the various provisions that state RS purchased a 25% participation interest in the portfolio. According to Kingston Properties, the parties inadvertently failed to include a "true-up provision in Section 4.5" that would have offset the phase when RS received 50% of the portfolio proceeds until it received the return on its investment.

      This argument essentially mirrors the argument David Kingston made in briefing the original motion for judgment on the pleadings, and it does not convince the Court to deviate from its original decision. In reaching its original decision, the Court carefully weighed the parties' arguments but ultimately concluded that the plain language in Section 4.5 could not be ignored – even in light of the various provisions stating that RS purchased a 25% interest only. RS proffered a reasonable interpretation of the contract that the Court found adequately reconciled the apparently conflicting provisions. Given this finding, the Court's decision comported with Idaho law. *Madrid v. Roth*, 10 P.3d 751 (Id. Ct. App. 2000) (directing that apparently inconsistent provisions must be reconciled to give meaning to both, rather than nullifying any contractual provision).

MEMORANDUM DECISION AND ORDER - 4

The Court's decision finding no ambiguity does not foreclose an argument that the parties inadvertently omitted a "true-up" provision.  Kingston Properties is free to argue that the contract should be reformed to correct a unilateral or mutual mistake in the creation of the contract.  *Chandler v. Hayden*, 215 P.3d 485, 492 (Idaho 2009)( contract may be reformed if it does not reflect parties' agreement because of a mutual mistake); *Belk v. Martin*, 39 P.3d 592, 597 (Idaho 2001) (contract may be reformed if it is the result of a unilateral mistake and there is knowledge of the mistake by the other party).   The Court's decision entered on September 7, 2011(Dkt. 79), however, will stand.

## ORDER

Accordingly, IT IS ORDERED that Kingston Properties, LP's Motion to Reconsider (Dkt. 80) is DENIED.

DATED: October 27, 2011

B. Lynn Winmill  
Chief Judge  
United States District Court