UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RS-ANB FUND, LP,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>KMS SPE LLC, LIZ AIR 6 L.L.C., JERALD M. SPILSBURY, KINGSTON PROPERTIES L.P., MIKE KINGSTON, PAUL E. AVERY, BERT BOECKMANN AND JANE BOECKMANN, TRUSTEES OF THE BOECKMANN FAMILY REVOCABLE TRUST, ANDARY INVESTMENTS 2 LLC and RGRCM LLC,<br><br>    Defendants/Counterclaimants. | Lead Case No. 4:11-cv-00175-BLW<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |
| KMS SPE, LLC<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>RS-ANB Funds, LP,<br><br>    Defendant/Counterclaimant. | Consolidated Case No. 4:11-cv-00179-BLW |

MEMORANDUM DECISION AND ORDER - 1

| | |
|---|---|
| RS-ANB Fund, LP,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID ORVILLE KINGSTON,<br><br>    Defendant. | Consolidated Case No. 4:11-cv-00179-BLW |

## INTRODUCTION

Before the Court is Plaintiff RS-ANB Fund, LLP's Motion to Bifurcate (Dkt. 159). RS asks the Court to bifurcate the remaining legal claims[1] from Kingston Properties and the Original Investors' equitable claims for rescission and reformation. For the reasons set forth below, the Court will deny RS's motion.

## ANALYSIS

Bifurcating an action into multiple trial units is allowed "to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). But when ordering trial bifurcation, the court must preserve any existing constitutional right to a jury trial. *Id.* Legal claims

---

[1] Since filing its motion to bifurcate, the Court has dismissed the majority of RS's claims, including its federal and state securities fraud claims and a breach of fiduciary duty claim.

must be tried before a jury.  Equitable claims, by contrast, do not.  *E.g., Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989).

When legal and equitable claims are joined in the same action, the trial judge has only limited discretion in determining the sequence of trial.  This means that the court's discretion must be exercised to preserve jury trial, whenever possible. *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 170 (9th Cir. 1989).  "[O]nly under the most imperative circumstances…can the right to a jury trial of legal issues be lost through prior determination of equitable claims." *Dollar Systems*, 359 U.S. at 509.  When legal and equitable claims involve the same set of facts, the right to a jury trial should predominate.  If, however, the legal and equitable claims do not involve any common questions of law or fact, a court does not abuse its discretion by deciding the equitable claims prior to the legal claims.  *Id.* at 170-71.

RS's claims center on the correct interpretation of Section 4.5 of the Participation Agreement.  First, RS claims that the Section 4.5 of Agreement entitles it to a 25% share of the monthly distributions of Gross Proceeds.  Defendants disagree.  They say that this reading of Section 4.5 does not reconcile with the other provisions because it grants RS more than a 25% overall interest in the Gross Proceeds when the other provisions limit RS to exactly a 25% interest in the Gross Proceeds.  The Court however found the Agreement unambiguously accords with RS's interpretation.  Now RS claims the only

issue remaining is its damages, but Original Investor Kingston Properties has filed claims for reformation or rescission based on unilateral mistake.

The parties disagree about another aspect of Section 4.5 as well.  The Participation Agreement gives RS "50% of the Gross Proceeds until [RS] receives $12,000,000." *Participation Agreement* § 4.5.  RS contends that this provision means that it should have received 50% distributions until it reached $12,000,000 in Gross Proceeds distributions as opposed to $12,000,000 in distributions of any kind.  If RS prevailed on this claim, it would be entitled to an additional $375,000.  On this point, the Court found Section 4.5 ambiguous.

RS also brings a claim for breach of the implied covenant of good faith and fair dealing.  It alleges that Defendants breached the covenant by not making distributions to RS, improperly including expenses in the calculation of the Net Monthly Share, improperly computing and reporting income tax, and entering into self-dealing transactions.  KMS SPE has counterclaimed against RS, alleging claims for tortious interference and breach of the implied covenant of good faith and fair dealing.

Now RS asks the Court to hold a bench trial on the reformation and rescission claims relating to the Gross Proceeds distributions under Section 4.5, and if necessary, a jury trial on the remaining legal claims, which would include Defendant KMS SPE, LLC's counterclaims.  Bifurcation of the legal and equitable claims, however, would

MEMORANDUM DECISION AND ORDER - 4

threaten Defendants' right to a jury trial on the legal claims, and it would not aid judicial economy.

The Court has found no ambiguity in Section 4.5 with respect to the monthly distributions provision, but it has found an ambiguity with respect to the provision requiring RS be paid 50% of the Gross proceeds until it receives $12,000,000. The jury will therefore have to consider the parties' intent in drafting the Participation Agreement, and Section 4.5 specifically. Likewise, the Court will have to determine the parties' intent when they entered into the contract in deciding Kingston Properties' rescission and reformation claims. Thus, the parties' intent in drafting Section 4.5 will be a common issue to both the breach of contract and the rescission and reformation claims.

But even assuming that these claims were not sufficiently intertwined to preclude bifurcation of the trial on Seventh Amendment grounds, the Court imagines that the parties will rely on many of the same witnesses and documents to prove or defend all of these claims. It would be a waste of judicial resources to bring in the same witnesses and same exhibits for two separate trials. For these reasons, the Court will deny RS's request to bifurcate the trial.

## ORDER

Plaintiff RS-ANB Fund, LLP's Motion to Bifurcate (Dkt. 159) is DENIED.

**MEMORANDUM DECISION AND ORDER -** 5



DATED: June 6, 2012

B. Lynn Winmill
Chief Judge
United States District Court