UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RS-ANB FUND, LP,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>KMS SPE LLC, LIZ AIR 6 L.L.C., JERALD M. SPILSBURY, KINGSTON PROPERTIES L.P., MIKE KINGSTON, PAUL E. AVERY, BERT BOECKMANN AND JANE BOECKMANN, TRUSTEES OF THE BOECKMANN FAMILY REVOCABLE TRUST, ANDARY INVESTMENTS 2 LLC and RGRCM LLC,<br><br>    Defendants/Counterclaimants. | Lead Case No. 4:11-cv-00175-BLW<br><br><br>**MEMORANDUM DECISION AND ORDER** |
| KMS SPE, LLC<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>RS-ANB Funds, LP,<br><br>    Defendant/Counterclaimant. | Consolidated Case No. 4:11-cv-00179-BLW |

**MEMORANDUM DECISION AND ORDER -** 1

| | |
|---|---|
| RS-ANB Fund, LP,<br><br>       Plaintiff,<br><br>       v.<br><br>DAVID ORVILLE KINGSTON,<br><br>       Defendant. | Consolidated Case No. 4:11-cv-00179-BLW |

## INTRODUCTION

Before the Court is David Orville Kingston's Motion for Rule 54(b) Final Judgment (Dkt. 171). Kingston asks the Court to enter a final judgment of dismissal with respect to with respect to Case No. 4:11-mc-07113-BLW – the adversary proceeding brought against him by Plaintiff RS-ANB Fund, LP ("RS").  For the reasons set forth below the Court will grant the Motion.

## ANALYSIS

RS's adversary proceeding against Kingston came to an end on April 16, 2012, when the Court dismissed with prejudice what was left of it. Its consolidation with two other cases, however, means the dismissal is not final for appeal purposes.  Kingston asks the Court to enter final judgment on the grounds that it would aid in the administration of Kingston's ongoing Chapter 11 bankruptcy case.

MEMORANDUM DECISION AND ORDER - 2

When more than one claim for relief is presented to a court, Rule 54(b) allows that court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. Pro. 54(b). The Court must first determine whether it has "rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend,* LLC, 422 F.3d 873, 878 (9th Cir. 2005). Here, all claims against David Kingston have been finally and completely resolved. By finding RS failed to state a claim against Kingston, the Court has rendered a final disposition of RS's claims against Kingston.

The Court must next decide whether "there is any just reason for delay." *Id.* This inquiry requires the Court to consider "the interest of sound judicial administration" and a weighing of the equities at stake. *Id.* As Kingston acknowledges, the interest of sound judicial administration usually seeks to preserve the federal policy against piecemeal appeals. "A Rule 54(b) request should not be granted when 'the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable.' " *Hansen-Rice, Inc. v. Celotex Corp.,* CV-04-101-S-BLW, 2006 WL 1660797, *3 (D.Idaho 2006) (quoting *Wood,* LLC, 422 F.3d at 883). But that is not the case here. Kingston was not a party to the Participation Agreement, which lies at the heart of RS's claims against the

remaining parties. Thus, Kingston's claims are sufficiently distinct from the other claims to stave off the potential for wasteful piecemeal appeals.

It is also important to note that RS never objected to Kingston's request. The Ninth Circuit has held that pursuant to a local rule a district court may properly grant a motion based upon a party's failure to respond. *See generally, Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.1995); *accord Martinez v. Stanford,* 323 F.3d 1178, 1183 (9th Cir.2003) (affirming *Ghazali's* applicability to Rule 12(b) motions). Moreover, Local Civil Rule 7.1(e) expressly provides that a party's failure to file either a notice of non-opposition, or a memorandum in opposition to a motion, may be deemed as a consent to the relief requested. D. *Id.* L. Civ. R. 7.1(e). RS's failure to respond to the motion also justifies acceding to Kingston's request.

## ORDER

**IT IS ORDERED that** David Orville Kingston's Motion for Rule 54(b) Final Judgment (Dkt. 171) is GRANTED.

DATED: June 27, 2012

B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 4